IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE ALLIO,

      Plaintiff,                                         CIV NO. S-05-1361 LKK GGH

     vs.

MICHAEL J. ASTRUE,
Commissioner of
Social Security,                                 FINDINGS AND RECOMMENDATIONS

      Defendant.

_____/

Before the court is plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice Act (EAJA), filed March 28, 2007. The Commissioner asserts that the amount of fees claimed is not reasonable. Counsel requests attorneys' fees in the amount of $8,478.75 and costs in the amount of $148.20, for a total of $8,626.95.[1] In the order entered on March 13, 2007, this court granted plaintiff's motion for remand or summary judgment in part, and remanded the matter under sentence four of 42 U.S.C. § 405(g) for a computation of benefits. As explained hereafter, the court will recommend that plaintiff's motion for attorneys' fees be granted in part

---

[1] These requested amounts are based on Widrig v. Apfel, 140 F.3d 1207 (9th Cir. 1998), which is a 42 U.S.C. § 406(b) case, and does not apply to EAJA fee cases. Plaintiff has requested fees in the amount of $7,969.81 if Widrig is found to be not controlling.

1

and denied in part.

An applicant for benefits receiving a remand pursuant to sentence four of § 42 U.S.C. S 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Schaefer v. Shalala, 509 U.S. 292, 113 S. Ct. 2625, 2631-32 (1993). After Schaefer, pursuant to a sentence four remand, an applicant can recover attorneys' fees incurred in proceedings before the district court. Plaintiff has moved for an award of attorneys' fees in the total amount of $8,478.75 for 12.25 hours of work at $156.99/hour for work in 2005, 28.7 hours of work at $166.98/hour for work in 2006, 7.5 hours of work at $166.98/hour for work in 2007, and costs in the amount of $148.20, pursuant to The Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d)(1). Plaintiff seeks a cost of living adjustment ("COLA") to the statutory cap on attorneys' fees of $125/hour.

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorney fees and expenses within 30 days of final judgment in the action. "The EAJA was enacted to reduce the chance that 'the expense of litigation involved in securing the vindication of . . . rights' would deter 'defen[se] against unreasonable governmental action.'" Wolverton v. Heckler, 726 F.2d 580, 582 (9th Cir. 1984), quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, reprinted in 1980 U.S. Cong. & Ad. News 4984. The court must allow the fee award unless it finds that the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Commissioner does not argue that the fees should not be granted because the position of the United States was justified or because other special circumstances make an award unjust. The Commissioner, however, argues that the amount of fees requested is unreasonable because the claim of hours expended is excessive, and because the requested hourly rate exceeds the hourly rate permitted under the EAJA.

\\\\\

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 110 S. Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). Taking a reasonable rate and multiplying it by a reasonable amount of expended hours is not the only task left to the district court under the EAJA. Atkins, 154 F.3d at 989. The court must also consider the results obtained. Id.

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for inflation. See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463- 64 (9th Cir.1988) (adding inflationary adjustment to statutory maximum). The COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Russell v. Sullivan, 930 F.2d 1443 (9th Cir. 1991). The national, rather than local change in cost of living, should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993). The court will apply the formula using the March 1996 national CPI of 157.3, the national CPI for 2006 of 201.6, and the national CPI for February, 2007 of 203.5.[2] See U.S. v. Real Property Known as 22249 Dolorosa Street, Woodland Hills, Cal., 190 F.3d 977 (9th Cir.1999); Sorenson v. Mink, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (fees based on date legal services performed, not current date). Accordingly, the court finds a reasonable hourly rate for attorney time, adjusted for inflation, to be $160/hour for

---

[2] Although plaintiff's counsel's statement of services included February and March, 2007, for the sake of simplicity the court has used the CPI for February, 2007, of 203.499 and rounded up. The year 2005 is not included in the calculation as plaintiff represented himself that year. See discussion *infra*.

2006, and $162/hour for 2007.[3]

Counsel requests a total fee in the amount of $8,478.75. Counsel has submitted an affidavit documenting 49.05 hours of attorney time, of which 12.25 hours were expended in 2005.[4] The Commissioner objects to billing for services in 2005 as plaintiff represented himself in this case during that year. The docket indicates that Mr. Peasley filed a motion for substitution on October 12, 2005, and it was granted on October 28, 2005. The services for which counsel seeks compensation are dated as having been rendered from May 9, 2005 to September 29, 2005. Attorneys' fees are not awardable under the EAJA for work done by pro se litigants. Merrell v. Block, 809 F.2d 639, 641-42 (9th Cir. 1987). Therefore, fees for work done in 2005 will not be awarded.[5]

The Commissioner also claims that the 35 or 36 hours claimed for work done in 2006 and 2007 are excessive. The Commissioner cites to Patterson v. Apfel, 99 F. Supp. 2d 1212 (C.D. Cal. 2000), wherein the court conducted a survey indicating that the average number of hours claimed in EAJA fee petitions is 37.3. Here, the Commissioner argues, the number of hours claimed is excessive in light of the fact that plaintiff was not represented by counsel at the time he filed his complaint. The Commissioner also asserts that plaintiff's claims on summary judgment were mostly denied, except for the issue of a closed period of disability which was not raised by the parties' briefs. In this regard, the court finds that counsel's requested fee is not excessive. Eighteen hours to prepare the 19 page memorandum in support of the summary judgment motion seems reasonable under Patterson. See also Mendoza v. Bowen, 701 F. Supp. 1471 (N.D. Cal. 1999) (finding fifty hours reasonable despite lack of novel issues); Walton v.

---

[3] 2006: $125 x 201.6 ÷ 157.3 = $160.20; 2007: $125 x 203.5 (February) ÷ 157.3 = $161.71.

[4] Counsel's statement of services states a total of 48.45 hours of attorney time, and 13.15 hours for 2005.

[5] Counsel would be advised to substitute in sooner rather than later if counsel is actually doing the work for a pro se plaintiff.

4

1  Massanari, 177 F. Supp. 2d 359, 364-65 (E.D. Pa. 2001) (permitting fees for 53.6 hours spent on
2  a 27 page brief).  Although plaintiff did not receive results from the arguments he raised, those
3  arguments did cause the court to review the record for a closed period of disability, and plaintiff
4  did receive benefits for a closed period.  Accordingly, the court finds 34.45 hours to be a
5  reasonable amount of time expended.  Multiplied by the reasonable rates of $160 per hour for
6  27.35 hours in 2006, and $162 per hour for 7.1 hours in 2007, a total attorneys' fee award in the
7  amount of $5526.20 is a reasonable fee award.  The government does not object to the claimed
8  costs in the amount of $148.20.

9  CONCLUSION

10         Accordingly, IT IS RECOMMENDED that plaintiff's request for EAJA fees be
11  granted in part and denied in part.  Plaintiff should be awarded $5526.20 in attorneys' fees and
12  $148.20 in costs.

13         These findings and recommendations are submitted to the United States District
14  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
15  (10) days after being served with these findings and recommendations, any party may file written
16  objections with the court and serve a copy on all parties.  Such a document should be captioned
17  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18  shall be served and filed within ten (10) days after service of the objections.  The parties are
19  advised that failure to file objections within the specified time may waive the right to appeal the
20  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  DATED: 12/4/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

24  GGH:076
Allio1361.eaja.wpd

5